# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00002-CV

---

**Kimberly Taylor, Appellant**

**v.**

**Aaron Silva, Appellee**

---

**FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-24-003487, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

This accelerated interlocutory appeal challenges the trial court's denial of Appellant Kimberly Taylor's Texas Citizens Participation Act (TCPA) motion to dismiss Appellee Aaron Silva's suit for defamation, civil conspiracy, and civil aiding-and-abetting claims. Because Silva failed to establish by clear and specific evidence a prima facie case for each element of his claims, we reverse.

### BACKGROUND[1]

Silva ran for a seat on the Eanes Independent School District's Board of Trustees in Spring 2024. One of Silva's opponents was Kelly Marwill. Silva alleges that Taylor is "a

---

[1] The background facts are derived from the pleadings and affidavits, which we set out in the light most favorable to the nonmovant. *See Texas Tribune, Inc. v. MRG Med. LLC*, No. 03-23-00293-CV, 2024 WL 2305265, at *1 n.1 (Tex. App.—Austin May 22, 2024, pet. denied) (mem. op.) (citing *RigUp, Inc. v. Sierra Hamilton, LLC*, 613 S.W.3d 177, 182 (Tex. App.—Austin 2020, no pet.)).

political operative" who "worked or volunteered" for Marwill's campaign and "was integrally involved in developing and executing strategy." To that end, Silva alleges Taylor sought records related to a restraining order Silva's ex-wife sought against him in Contra Costa County, California in 2006. Silva contends that Taylor operates two Instagram accounts, "character_counts46" and "eaneskids1st," on which she posted "incomplete" records in the restraining-order proceeding during the final days of the Eanes ISD School Board campaign. Silva characterizes the documents as "pages that left readers believing [that Silva] had physically assaulted his ex-wife."

Silva alleges that he immediately notified Taylor and Marwill that the documents were "incomplete and inaccurate," and provided a complete copy of the file, which he also posted to his campaign website. Silva maintains that the posted documents were misleading because the domestic violence allegations supporting the temporary order were "spurious," the restraining-order request was made "secretly," he was never served with notice of the related evidentiary hearing, his ex-wife failed to obtain a permanent order, and the temporary restraining order expired in February 2006. Nonetheless, Silva contends that Taylor posted on the "eaneskids1st" account that the case remained open and that the restraining order was active.

Silva maintains that he posted a public response to Marwill's Instagram and Facebook campaign sites with links to the full court documents; however, he alleges that Marwill or someone on her campaign team deleted all of his responses. Silva alleges that Taylor, from her personal Instagram account, posted the following message directed at him: "Oh, right because you weren't divorced at the time she secured a court ordered restraining order. You were still married to her and she left you because you abused her." Silva also attributes to Taylor a post from "eaneskids1st", which stated that "one would assume" the reason Silva did not attend the evidentiary hearing on the restraining order is because he was guilty of the alleged conduct. And

Silva alleges Taylor claimed that "this is only one of four cases Mr. Silva has in this same court in his former hometown," which he maintains, like the domestic violence allegations, is false.

Marwill later issued a public response to the documents in which she noted her "deep concerns" regarding "the gravity of these matters," noting that "[t]he safety of our students has always been a priority to me." Silva lost the election to Marwill by about 100 votes.

Silva sued Taylor and Marwill on June 5, 2024, asserting claims for intentional infliction of emotional distress and invasion of privacy, and seeking damages of between $250,000 and $1,000,000. The parties agreed to facilitate an early mediation and extend the deadline to file a TCPA motion to dismiss until fourteen days after a failed mediation. After the parties' mediation was unsuccessful, Silva amended his petition to assert only defamation, civil conspiracy, and aiding-and-abetting claims, which he supported with a sworn declaration. In response, both Marwill and Taylor separately moved to dismiss Silva's suit under the TCPA, and Silva filed a response. Taylor also sought to strike several statements from Silva's affidavit, as well as all the exhibits he attached to his amended petition, including the California temporary restraining order documents and the posts from "character_counts46" and "eaneskids1st." The trial court struck all the exhibits and several of Silva's declaration statements.[2] After a hearing, the trial court granted Marwill's TCPA motion to dismiss and denied Taylor's. Taylor appeals.[3] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12).

---

[2] Silva has not challenged those evidentiary rulings.

[3] In this same cause number, Silva initially appealed the trial court's ruling granting Marwill's TCPA motion. However, Silva moved to voluntarily dismiss that appeal without prejudice, which this Court granted. Silva's appeal of the trial court's order granting Marwill's motion to dismiss is pending under No. 03-24-00686-CV, which this Court abated on the parties' request.

## LEGAL STANDARD

The TCPA "protects speech on matters of public concern by authorizing courts to conduct an early and expedited review of the legal merit of claims that seek to stifle speech through the imposition of civil liability and damages." *Lilith Fund for Reprod. Equity v. Dickson*, 662 S.W.3d 355, 363 (Tex. 2023). Courts review a motion to dismiss under the TCPA using a three-step process. *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). First, the movant bears the initial burden to show the TCPA applies because the "legal action" against the movant is "based on or is in response to" its "exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code § 27.003(a). Second, if the TCPA applies—and here, it is undisputed that it does—the claimant may avoid dismissal by establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id* § 27.005(c). The "clear and specific evidence" standard requires a plaintiff to "provide enough detail to show the factual basis for [his] claim." *In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015). In a defamation case that implicates the TCPA, like this one, "pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." *Id.* Third, if the claimant meets that burden, the court must still grant the motion if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code § 27.005(d).

We review de novo whether each party met its respective burdens under the TCPA. *O'Rourke v. Warren*, 673 S.W.3d 671, 679–80 (Tex. App.—Austin 2023, pet. denied). In determining "whether a legal action is subject to or should be dismissed under this chapter," we may "consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of

4

Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review the pleadings and evidence in the light most favorable to the nonmovant. *O'Rourke*, 673 S.W.3d at 680.

## DISCUSSION

In two issues on appeal, Taylor argues that the trial court erred by denying her motion to dismiss. Because the parties agree that the TCPA applies, our analysis begins at the second step: whether Silva failed to establish by clear and specific evidence a prima facie case for each essential element of his claims.

First, Taylor contends that Silva failed to establish a prima facie case for his defamation claim. "The elements that a defamation plaintiff must prove are that (a) the defendant published a false statement of fact; (b) the statement defamed the plaintiff; (c) the defendant acted with actual malice, if the plaintiff is a public figure or a public official, or negligently, if the plaintiff is a private individual; and (d) the statement proximately caused damages."[4] *Rodriguez v. Gonzales*, 566 S.W.3d 844, 851 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *Anderson v. Durant*, 550 S.W.3d 605, 617–18 (Tex. 2018)). Silva agrees that in this case, he is at least a limited-purpose public figure such that the actual-malice standard applies. *See id.* at 850–51 (setting forth three-part test to determine whether defamation claimant is limited-purpose public figure and concluding candidate for constable was limited-purpose public figure in context of defamation claims concerning his fitness for office (citing *Neely v. Wilson*, 418 S.W.3d 52, 70

---

[4] Silva's claims are for defamation per se, so the damages requirement is not at issue here. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) ("Defamation per se refers to statements that are so obviously harmful that general damages may be presumed.").

5

(Tex. 2013))).  The actual-malice element is dispositive, so our analysis begins and ends there.  *See* Tex. R. App. P. 47.1.

"'Actual malice' in this context means that the statement was made with knowledge of its falsity or with reckless disregard for its truth."  *In re Lipsky*, 460 S.W.3d at 593.  Reckless disregard is a subjective standard that focuses on the defendant's conduct and state of mind.  *Bentley v. Bunton*, 94 S.W.3d 561, 591 (Tex. 2002).  "Mere negligence is not enough."  *Id.*  Nor is a defendant's "failure to investigate the facts before speaking as a reasonably prudent person would do," unless that failure to investigate was "motivated by a desire to avoid the truth."  *Id.*  Instead, there must be evidence that the defendant "actually had a high degree of awareness of the probable falsity of his statements."  *Id.* (cleaned up).  However, "a plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence."  *Id.*  The Texas Supreme Court described examples of these circumstances:

> A lack of care or an injurious motive in making a statement is not alone proof of actual malice, but care and motive are factors to be considered.  An understandable misinterpretation of ambiguous facts does not show actual malice, but inherently improbable assertions and statements made on information that is obviously dubious may show actual malice.  A failure to investigate fully is not evidence of actual malice; a purposeful avoidance of the truth is.  Imagining that something may be true is not the same as belief.

*Id.* at 596.

Here, however, Silva has presented no evidence, circumstantial or otherwise, of Taylor's actual malice—that is, Silva has not put forth any evidence that Taylor had a high degree of awareness that the domestic violence allegations in the court documents were probably false.  *See id.* at 591.  Instead, Silva characterizes Taylor's purported omissions of certain documents as intentional, to "omit every piece of information that would have informed a reader that the

6

allegations were never substantiated and never adjudicated." Specifically, Silva maintains that the full set of documents makes clear that "his ex-wife made allegations while they lived apart, that he was never served with a temporary protective order, that he never even knew a document like that existed, or that his ex-wife took no steps to further her complaint against him," and without that information, the documents would lead "a voter inexperienced with criminal law[] to the same erroneous conclusion: that Silva is a wife abuser and dangerous." That is not sufficient to establish actual malice under the applicable standard. *See id.*; *see, e.g.*, *Weber v. Fernandez*, No. 02-18-00275-CV, 2019 WL 1395796, at *16 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (finding no actual malice when only evidence plaintiff cited in support of element was that defendants "kept the defamatory statements posted on the Facebook group page for at least one month after they had been served with a cease-and-desist letter"); *Rodriguez*, 566 S.W.3d at 854–56 (determining plaintiff failed to produce evidence of actual malice regarding "spouse beating" allegations by supporter of campaign opponent when defendants articulated reasonable basis for belief that plaintiff engaged in such conduct and no evidence supported inference defendants had high degree of awareness that allegation was probably false).

Because Silva failed to establish evidence of Taylor's actual malice, he did not establish a prima facie case for his defamation claim. We sustain Taylor's first issue on appeal.

Taylor's second issue on appeal contends that Silva failed to establish a prima facie case for his civil conspiracy and aiding-and-abetting claims. Because civil conspiracy is a derivative tort that is dependent on an underlying tortious act—here, defamation—and because we have determined Silva failed to establish a prima facie case for each element of his defamation claim, he cannot establish a prima facie case for each element of his civil conspiracy claim. *See Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 138 (Tex. 2019) (noting that "civil

conspiracy is a derivative tort that 'depends on participation in some underlying tort'" (quoting *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996))).  And even assuming a civil aiding-and-abetting claim is actionable in Texas, it too would require Silva to first establish a prima facie case for an underlying tort.  *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (noting Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting"); *Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 4 (Tex. App.—Austin 2020, pet. denied) (discussing requirements of civil aiding-and-abetting claim as stated in section 876 of Restatement of Torts).  He likewise has not established a prima facie case for each element of his aiding-and-abetting claim.

We sustain Taylor's second issue on appeal.

## CONCLUSION

Because Silva failed to establish by clear and specific evidence a prima facie case for each element of all his claims, the trial court erred by denying Taylor's motion to dismiss Silva's claims under the TCPA.  We reverse the trial court's order denying Taylor's motion to dismiss and remand for the trial court to (i) determine the amount of attorney's fees, court costs, and sanctions to award to Taylor, *see* Tex. Civ. Prac. & Rem. Code § 27.009(a), and (ii) render a judgment making such awards and dismissing the action, *see Rodriguez*, 566 S.W.3d at 860.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Ellis

Reversed and Remanded

Filed:   June 6, 2025